## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MARY SUSAN LeFANDE, _et al_.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 04-1410 (RMC)** |
| | ) | |
| **YUM! Brands, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### MEMORANDUM OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Mary Susan LeFande and her minor daughter (the "LeFandes") sue Yum! Brands, Inc., alleging negligent infliction of emotional distress arising from service at a Kentucky Fried Chicken Restaurant in Arlington, Virginia.  The restaurant is owned and operated by KFC U.S. Properties, Inc., a wholly owned subsidiary of Yum! Brands, Inc. ("Yum").  Ms. LeFande alleges that sandwiches served to her and to her daughter contained human blood from a wound on the arm of the employee, Eusebio L. Nolasco, who prepared the sandwiches.  Yum seeks summary judgment on the complaint, contending that there is no evidence of physical injury, and that under applicable Virginia law,[1] a plaintiff cannot recover for negligent infliction of emotional distress with no attendant physical injury.  As explained below, the Court agrees and will grant summary judgment.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together

---

[1]The parties agree that Virginia law applies.  See Def. Motion for Summary Judgment at 6-7; Pl. Opp'n at 6.

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *see also Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). Moreover, summary judgment is properly granted against a party that "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Under Virginia law, claims for purely emotional distress are not favored. *Ruth v. Fletcher*, 377 S.E.2d 412, 415 (Va. 1989). Virginia law requires that such claims be accompanied by a showing of physical injury. *Ney v. Landmark Educ. Corp.*, 16 F.3d 410 (Table), 1994 WL 30973, at * 3 (4th Cir. Feb. 2, 1994). In *Hughes v. Moore*, 197 S.E.2d 214, 217 (Va. 1973), the Virginia Supreme Court held that where the alleged conduct is negligent, there can be no recovery where there is no physical impact. However, "where the claim is for emotional disturbance and physical injury resulting therefrom, there may be recovery for negligent conduct, notwithstanding the lack of physical impact, provided the injured party properly pleads and proves by clear and convincing evidence that his physical injury was the natural result of fright or shock proximately caused by the defendant's negligence." *Id*. at 219. Thus, in *Hughes*, the plaintiff could maintain a cause of action for physical injuries which were a direct result of the fright and shock she suffered when she witnessed a car crash into her home. *Id*. at 220. "*Hughes v. Moore* requires . . . clear and convincing evidence of 'symptoms' or 'manifestations' of physical injury, not merely of an underlying emotional disturbance." *Myseros v. Sissler*, 87 S.E.2d 463, 466 (Va. 1990).

In *Howard v. Alexandria Hosp.*, 429 S.E.2d 22, 24-25 (Va. 1993), the court found that

a plaintiff who was operated upon with unsterile instruments made out a prima facie case of emotional distress due to fear of contracting HIV.  In that case, the plaintiff had carpal tunnel surgery on her wrist and planned to stay in the hospital a single night.  While she was in the recovery room, the surgeon informed her that there was a possibility that she had been operated on with unsterile instruments.  Thus, she remained in the hospital two extra days while she was treated for possible infection due to the potentially unsterile instruments.  She was given antibiotics intravenously, received pain shots every four to six hours, and had blood drawn frequently.  *Id*. at 23.  Following her hospitalization, she vomited, her mouth and nose became raw, and she experienced a fever and chills.  *Id*.  Based on these facts, the court found that the plaintiff had shown a prima facie case of physical injury that would support her claim of emotional distress due to the hospital's use of unsterilized instruments.  *Id*. at 24.

The LeFandes argue that to demonstrate a physical injury, a plaintiff only needs to show an incident of possible exposure that could lead to a reasonable fear of contracting Acquired Immunodeficiency Syndrome (AIDS).  This claim is in error.  While the LeFandes agree that Virginia law applies in this case, they mistakenly rely on cases dealing with the law of other jurisdictions.  *See e.g., Marchica v. Long Island R.R.*, 31 F.3d 1197 (2d Cir. 1994) (analyzing case law from many states and deciding parameters of federal common law); *Faya v. Almaraz*, 620 A.2d 327 (Md. 1993) (applying Maryland law).  The LeFandes also rely on *Kondaurov v. Kerdasha*, 270 Va. 356 (2005).  However, that opinion was withdrawn when the Virginia Supreme Court granted rehearing.  *Id*.

The LeFandes have not pointed to any "clear and convincing evidence" that they suffered physical injury, not merely emotional injury.  *See Myseros v. Sissler*, 87 S.E.2d at 466.  Mary

Susan LeFande alleges that she suffered nausea, shaking, heart pounding, and hysteria as a result of eating a sandwich contaminated with human blood.  However, she did not vomit after eating the sandwich.  Def. Motion for Summary Judgment, Ex. D, Dep. of LeFande at 50.  She did not seek medical treatment for her nausea and shaking.  *Id*. at 48-49. Her doctor recommended that she have a neuropsych evaluation of her heart pounding and hysteria, but she did not do so.  *Id*.  She has not been diagnosed with any type of injury or disease due to the ingestion of the contaminated sandwich, *id*. at 56, nor has she offered any evidence that her daughter has suffered any physical injury or has been diagnosed with any disease related to this incident.  Because the LeFandes have failed to present any evidence of "symptoms" or "manifestations" of physical injury, not merely of an underlying emotional disturbance, *id.*, the motion for summary judgment will be granted.

For the reasons set forth above, the Court will grant Yum's motion for summary judgment [Dkt. # 33] and will dismiss this case.  A memorializing order accompanies this memorandum opinion.


_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: April 11, 2006