UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARY SUSAN LeFANDE, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 04-1410 (RMC) |
| YUM! Brands, INC., | ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION**

On April 11, 2006, the Court granted the motion for summary judgment filed by Yum! Brands, Inc. ("Yum"). Mary Susan LeFande and her minor daughter (the "LeFandes") filed a motion for reconsideration on May 5, 2006, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(5). Because the motion for reconsideration lacks merit, it will be denied.

**I.  BACKGROUND FACTS**

The LeFandes brought suit against Yum, alleging negligent infliction of emotional distress arising from service at a Kentucky Fried Chicken Restaurant in Arlington, Virginia. The restaurant is owned and operated by KFC U.S. Properties, Inc., a wholly owned subsidiary of Yum. The LeFandes allege that sandwiches served to them contained human blood from a wound on the arm of the employee, Eusebio L. Nolasco, who prepared the sandwiches.

Under applicable Virginia law, claims for emotional distress must be accompanied by a showing of physical injury, *Ney v. Landmark Educ. Corp.*, No. 92-1979, 1994 WL 30973, at *3 (4th Cir. Feb. 2, 1994), or "notwithstanding the lack of physical impact, . . . clear and convincing

evidence that [the] physical injury was the natural result of fright or shock proximately caused by the defendant's negligence." *Hughes v. Moore*, 197 S.E.2d 214, 219 (Va. 1973). "*Hughes v. Moore* requires . . . clear and convincing evidence of 'symptoms' or 'manifestations' of physical injury, not merely of an underlying emotional disturbance." *Myseros v. Sissler*, 87 S.E.2d 463, 466 (Va. 1990). Because the LeFandes did not point to any "clear and convincing evidence" that they suffered physical injury and not merely emotional injury, the Court dismissed their complaint and granted summary judgment in favor of Yum.

## II. ANALYSIS

The LeFandes' motion is brought pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(5). Rule 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). This language is mandatory, and district courts do not have discretion to enlarge the Rule 59(e) period. *Derrington-Bey v. D.C. Dep't of Corrections*, 39 F.3d 1224, 1225 (D.C. Cir. 1994). Under Rule 59(e), the last day to file a motion to alter or amend was April 26, 2006---which is 10 days, excluding intermediate weekends and legal holidays,[1] *see* Rule 6(a), from entry of the Court's April 11 Order granting summary judgment. The LeFandes' Rule 59(e) motion was not filed until May 5, 2006. Thus, the LeFandes' Rule 59(e) motion is denied as untimely.

---

[1] Good Friday, which in 2006 fell on April 14, is not a legal holiday. *See* Fed. R. Civ. P. 6(a); D.C. Code § 1-612.02(a) (2006). By contrast, District of Columbia Emancipation Day, which in 2006 was observed on April 17, is a legal holiday. *See* D.C. Code § 1-612.02(c)(2) (providing that Emancipation Day shall be celebrated on April 16 as a legal public holiday); 52 D.C. Reg. 7189 (2005) (amending D.C. Code § 1-612.02 "to establish that . . . Emancipation Day shall be observed on April 17, 2006, and to add it to the list of legal public holidays"); *see also Batavia v. Fed. Energy Regulatory Comm'n*, 672 F.2d 64, 73 (D.C. Cir. 1982) (looking to D.C. Code § 28-2701 for a list of legal holidays in the District).

Rule 60(b)(5) provides that the Court may relieve a party from a final judgment if "a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Fed. R. Civ. P. 60(b)(5). In the Opinion granting summary judgment, the Court noted, "The LeFandes also rely on *Kondaurov v. Kerdasha*, 270 Va. 356 (2005). However, that opinion was withdrawn when the Virginia Supreme Court granted rehearing." *Id*. The LeFandes assert that the Court should alter or amend the judgment because the *Kondaurov* case was reheard by the Circuit Court for Arlington County, *Kondaurov v. Kerdasha*, slip op., No. 42077 (Apr. 21, 2006) (attached to the LeFandes' Motion for Reconsideration), and the court in that case found that the plaintiff was entitled to damages for emotional distress.

*Kondaurov* does not interpret Virginia law any differently than this Court does; it simply comes to a different conclusion because it is based on its own distinct facts. In *Kondaurov*, the plaintiff sought to recover damages for emotional injuries from a car accident in which the plaintiff's car rolled over. In the car accident, the plaintiff suffered a direct physical impact as well as manifestations of physical injury. When her car rolled over, paramedics found her hanging upside-down by the seatbelt. She suffered bruises and contusions, cervical stiffness and soreness, and the emotional trauma exacerbated her preexisting multiple sclerosis, depression, and anxiety disorder. The *Kondaurov* court held that the plaintiff "was entitled to be compensated in damages for any emotional distress she suffered as a consequence of the physical impact she sustained in the accident." *Id*., slip op. at 12. In contrast, the LeFandes did not present evidence that they suffered physical injury. This Court explained:

> The LeFandes have not pointed to any "clear and convincing evidence" that they suffered physical injury, not merely emotional injury. *See Myseros v. Sissler*, 87S.E.2d at 466. Mary Susan LeFande alleges that she suffered nausea, shaking, heart pounding, and hysteria as a result of eating a sandwich contaminated with human blood. However, she did not vomit after eating the sandwich. Def. Motion for Summary Judgment, Ex. D, Dep. of LeFande at 50. She did not seek medical treatment for her nausea and shaking. *Id*. at 48-49. Her doctor recommended that she have a neuropsych evaluation of her heart pounding and hysteria, but she did not do so. *Id*. She has not been diagnosed with any type of injury or disease due to the ingestion of the contaminated sandwich, *id*. at 56, nor has she offered any evidence that her daughter has suffered any physical injury or has been diagnosed with any disease related to this incident. Because the LeFandes have failed to present any evidence of "symptoms" or "manifestations" of physical injury, not merely of an underlying emotional disturbance, *id.*, the motion for summary judgment will be granted.

Memorandum Opinion filed April 11, 2006, at 3-4 [Dkt. # 37]. The *Kondaurov* case is not a prior judgment upon which this Court relied which compels the Court to alter or amend its judgment, and the LeFandes' motion to amend or alter pursuant to Rule 60(b)(5) must be denied.

### III.  CONCLUSION

The LeFandes' motion to alter or amend judgment [Dkt. #39] will be denied. It is untimely under Federal Rule of Civil Procedure 59(e) and it lacks merit under Federal Rule of Civil Procedure 60(b)(5). A memorializing order accompanies this Memorandum Opinion.

                                                _____/s/_____
                                                ROSEMARY M. COLLYER
                                                United States District Judge

DATE: May 15, 2006